O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
JS-6
CIVIL MINUTES - GENERAL

| Case No. | CV 09-357 PSG (PJWx) | Date | March 6, 2009 |
|---|---|---|---|
| Title | State Farm Mutual Automobile Insurance Company v. Spencer Thornton | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Order Dismissing Case**

On January 29, 2009, the Court issued an Order to Show Cause ("OSC") as to why it should not dismiss this case for lack of jurisdiction. Specifically, the Court raised sua sponte the issue of complete diversity, as the complaint did not state the respective state of incorporation and the jurisdiction averment made by State Farm Mutual Automobile Insurance Company ("Plaintiff") regarding its principal place of business was patently insufficient under 28 U.S.C. § 1332(c). Plaintiff filed a Response to the OSC on February 20, 2009. However, for the following reasons, the Court finds the Response inadequate.

As noted in the Court's OSC, the Ninth Circuit determines a corporation's principal place of business by examining the entity's "total activities," which takes into account all aspects of the corporation's business, including where its operations are located, where it supervises that business, and where it employs persons and conducts its business. *Indus. Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1094 (9th Cir. 1990) ("[T]he principal place of business should be the place where the corporation conducts the most activity that is visible and impacts the public, so that it is least likely to suffer from prejudice against outsiders."). Accordingly, in determining a corporate party's principal place of business, this Court looks to the same factors. This entails (1) determining the location of the majority of the corporation's (a) employees, (b) tangible property, and (c) production activities, and (2) ascertaining where most of the corporation's (a) income is earned, (b) purchases are made, and (c) sales take place. *Id*.

In its Response, Plaintiff avers that its officers are elected or appointed principally in Illinois and that its Board of Directors meets principally in Illinois. That these officers are elected or appointed principally in Illinois does not necessarily mean that these officers are

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
JS-6
CIVIL MINUTES - GENERAL

| Case No. | CV 09-357 PSG (PJWx) | Date | March 6, 2009 |
|---|---|---|---|
| Title | State Farm Mutual Automobile Insurance Company v. Spencer Thornton | | |

*located* in Illinois. Similarly, that the Board of Directors meets in Illinois does not necessarily mean that they are located in Illinois. Moreover, presumably Plaintiff employs more than just its officers and directors. However, the Response fails to indicate the location of the rest of Plaintiff's employees.

Plaintiff's Response also fails to indicate the location of the majority of its tangible property. On this sub-issue, Plaintiff only mentions the location of its headquarters. It does not, however, provide any information about the rest of its tangible property.

The information regarding the location of where Plaintiff's income is earned, purchases are made, and sales take place is equally deficient. Plaintiff only states that 9.2% of its Direct Written Premiums were from California, while the remaining 90.8% percent of its Direct Written Premiums were written in the other 49 states, the District of Columbia, and Canada. This information does not, however, allow the Court to compare the percentage of business conducted in California with that conducted in other states to determine the place "where the corporation conducts the most activity that is visible and impacts the public." *Indus. Tectonics,* 912 F.2d at 1094.

"Nothing is to be more jealously guarded . . . than [a court's] jurisdiction." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988). Plaintiff had an opportunity to demonstrate that jurisdiction exists in this matter. Plaintiff failed to carry this burden. Accordingly, the Court DISMISSES this case for lack of jurisdiction.